IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 4, 2003

## STATE OF TENNESSEE v. TIMOTHY WAKEFIELD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-12652    James Beasley, Jr., Judge**

_____

**No. W2003-00892-CCA-R3-CD  - Filed November 25, 2003**

_____

The Defendant, Timothy Wakefield, pled guilty to DUI, fourth offense, and was sentenced to two years in confinement, suspended after service of 150 days. The Defendant was placed on community corrections. A petition for the revocation of the Defendant's community corrections sentence was subsequently filed and granted. The sole issue on appeal is whether the trial court erred by not allowing the Defendant full credit for the time that the Defendant had served in the community corrections program. We conclude that the trial court erred and remand to the trial court to modify its judgment to reflect ninety-eight days of credit for time served.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Wilson Jones and Garland Ergüden, Memphis, Tennessee, for the appellant, Timothy Wakefield.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was placed on community corrections on August 2, 2001. The petition to revoke his community corrections status was filed on November 7, 2001. The Defendant admitted that the last time he reported to his probation officer was on August 21, 2001. Based on this, the trial court granted the Defendant "street credit" for the period August 2, 2001, to August 21, 2001. The Defendant now contends, and the State concedes, that the trial court should have granted credit for

the entire period of August 2, 2001, through November 7, 2001, when the petition to revoke his community corrections sentence was filed.

The relevant statute provides that, upon revocation of a community corrections sentence, "the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4) (emphasis added). This Court has held that "[t]he granting of credit for time served is mandated by statute and is not discretionary." State v. Deandre M. Broaden, No. W2001-03100-CCA-R3-CD, 2002 WL 31852862, at *2 (Tenn. Crim. App., Jackson, Dec. 20, 2002);. see also State v. Wendell S. Lewis, No. W2001-03O98-CCA-R3-CD, 2003 WL 261935, at *1 (Tenn. Crim, App., Jackson, Feb. 4, 2003) ("Upon revocation of a community corrections sentence, the trial court has the authority to modify the sentence, not deny credit for time actually served in the community corrections program, no matter how lackluster or unsuccessful the defendant's performance"). The period of "time served" commences on the date a defendant is ordered to serve his sentence on community corrections, and ceases on the date a petition to revoke the sentence is filed. See id. In this case, the Defendant was ordered to serve his community corrections sentence on August 2, 2001. The petition for revocation was filed on November 7, 2001. The Defendant is therefore entitled to 98 days of credit for time served in community corrections.

The trial court refused to grant the Defendant the full amount of time served on the basis that the Defendant had "absconded" from serving his sentence as of August 21, 2001, the last day on which the Defendant reported to his probation officer. We note that, in State v. Robert Moore, No. 01C01-9608-CC-00335, 1997 WL 602883, at *3 (Tenn. Crim. App., Nashville, Sept. 30, 1997), Judge Woodall, in a separate opinion, concluded that "the language of [the statute] supports the proposition that Defendant is not entitled to credit for time periods in which he was in an 'absconded' status from the Community Corrections Program." Black's Law Dictionary 8 (6th ed. 1990) defines "abscond" as "To go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed, in order to avoid their process. To hide, conceal, or absent oneself clandestinely, with the intent to avoid legal process." In this case, the Defendant was ordered to live with his mother during the term of his community corrections sentence. The State's witness testified that, on October 4, 2001, he received a fax from a gentleman in Arkansas informing him that the Defendant was no longer staying with his mother. There was no confirmation of this information, however.

There is no proof in the record before this Court that the Defendant was in an absconded status from the period August 21, 2001 to November 7, 2001. Accordingly, we must conclude that the Defendant is entitled to credit for time served in community corrections commencing August 2, 2001 and ending on November 7, 2001. This case is remanded to the trial court solely for the purpose of entry of an order granting the Defendant credit for ninety-eight days served in the community corrections program.

_____
DAVID H. WELLES, JUDGE